# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>JUAN BRAVO-FERNANDEZ [1],<br>HECTOR MARTINEZ-MALDONADO [2],<br><br>**Defendants**. | **CRIMINAL NO.** 10-232 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On August 22, 2011, the United States filed a motion to permit the disclosure of Jorge de Castro-Font's grand jury testimony to the probation officers in order to assist them in the preparation of the presentence investigation reports for defendants Hector Martinez and Juan Bravo. (Docket No. 564.) Defendants filed a joint opposition to the government's motion on August 25, 2011. (Docket No. 566.) On August 26, 2011, the government filed a reply in support of its initial motion. (Docket No. 567.) For the reasons explained below, the Court **GRANTS** the government's motion to permit disclosure of de Castro-Font's grand jury testimony to the probation officers.

Defendants argue that de Castro-Font's grand jury testimony should not be provided to the probation officers because it "is not

reliable, has not been tested by defense counsel, and does not provide a complete picture of the proceedings from which it was taken." (Docket No. 566 at 1.)  It is well-settled law that for the purpose of sentencing proceedings, "a district court enjoys 'broad discretion in the information it may receive and consider regarding [a] defendant and his conduct.'"  United States v. Rivera-Rodriguez, 489 F.3d 48, 53 (1st Cir. 2007) (quoting United States v. Curran, 926 F.2d 59, 61 (1st Cir. 1991)).  As defendants acknowledge, "the Confrontation Clause has been held inapplicable in sentencing proceedings" (Docket No. 566 at 2); therefore, "the district court is free to consider information from a trial proceeding at which the defendant was not present." Rivera-Rodriguez, 489 F.3d at 53.  Indeed, a "sentencing court is free to rely upon outside evidence, including hearsay evidence that has never been subject to cross-examination." United States v. Zuleta-Alvarez, 922 F.2d 33, 37 (1st Cir. 1990) (citations omitted).

Defendants cite to Rivera-Rodriguez in support of the statement "that a convicted defendant has the right to be sentenced on the basis of accurate and reliable information." (Docket No. 566 at 1.)  The context from which the quote was taken, however, is instructive. The full quote from the Rivera-Rodriguez court reads as follows: "[i]t is well established, however, 'that

a convicted defendant has the right to be sentenced on the basis of accurate and reliable information, and that implicit in this right is the opportunity to rebut the governments evidence and the information in the presentence report.'" 489 F.3d at 43 (quoting United States v. Blackwell, 49 F.3d 1232, 1235 (7th Cir. 1995)). The defendant in Rivera-Rodriguez alleged that the district court erred in failing "to notify him that it would rely on testimony from his co-defendant's trial in deciding where to sentence him within the [sentencing] guideline range", and thus he was "denied the opportunity to challenge and rebut the court's reliance on such information." Id. at 54. Notably, the defendant did not argue, as defendants Martinez and Bravo do, that it was improper for testimony from his co-defendant's trial to play any role in either the preparation of the presentence investigation report or in the court's determination of the sentence. Instead, the issue was whether the district court failed to notify the defendant of "new and significant information" that was not in the record and which defendant did not have an opportunity to challenge before he was sentenced. Id. The Rivera-Rodriguez court held that (1) the information relied on was "neither new nor absent from the record", (2) defendant was not denied a "meaningful opportunity to respond" to the information, and (3) there was no indication that the

sentencing judge "materially relied on any undisclosed testimony in deciding where to sentence [the defendant] within the guideline range." Id. at 55.  In this case, defendants have had access to de Castro-Font's grand jury testimony, and will have sufficient opportunity to respond to the information at the sentencing hearing or even in objections to the presentence investigation reports.

Moreover, the First Circuit Court of Appeals has consistently held that consideration of grand jury testimony by a sentencing court was sufficiently reliable despite the fact that the testimony was hearsay.  See United States v. Williams, 10 F.3d 910, 914-15 (1st Cir. 1993) (testimony was reliable where it "was given under oath, subject to the penalties of perjury, in a formal grand jury proceeding", "[t]he district court was provided with the complete transcript of the [] testimony," and it "was the only direct evidence" regarding certain elements of the crime.); see also Zuleta-Alvarez, 922 F.2d at 37 (1st Cir. 1990) (grand jury testimony of witnesses who were not cross-examined was sufficiently reliable to be used at the sentencing hearing where the testimony "was all provided under oath," "was corroborated generally by the many witnesses who testified during [prior] proceedings", and "the sentencing judge was also the presiding judge during the prior proceedings" and thus "had the opportunity to observe the testimony

and cross-examination of the various witnesses and could thereby make an independent assessment as to their credibility.") Considering the legal precedent in the First Circuit, the Court finds de Castro-Font's grand jury testimony to be sufficiently reliable to be disclosed to the probation officers as they prepare the presentence investigation reports.

Defendants' claim that the testimony "does not provide a complete picture of the proceedings from which it was taken" (Docket No. 566 at 1) is unsubstantiated because the government seeks to share the full transcript of de Castro-Font's grand jury testimony with the probation officers.[1] (Docket No. 564-1.) Additionally, the government notes that the probation officers have been collecting information from a variety of sources, many of them "unsworn" and "untested". Accordingly, defendants' fear that the probation officers will not have a "complete picture" of the relevant factors regarding the sentencing of defendants is completely unfounded.

---

[1] For the same reasons that the government's motion is granted here, the Court has already granted the government's motion filed in Criminal No. 08-337 to provide the probation officers with a "limited and redacted portion" of de Castro-Font's sentencing transcript. (Criminal No. 08-337, Docket No. 375.)

For the reasons explained, the government's motion to provide the Probation Office with a copy of de Castro-Font's grand jury testimony is **GRANTED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 2, 2011.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge
